MIMS v. FOSTER et al. (No. 7535.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1916.)

APPEAL AND ERROR &733, 742(1)—ASSIGNMENTS OF ERROR—TOO GENERAL.

A single assignment of error in appellant's brief that "the court erred in its judgment herein in rendering judgment against the plaintiff because under the undisputed evidence the plaintiff was entitled to recover," not accompanied by a statement to enable the appellate court to determine the question raised without searching the record, will not be considered, as it is too general, and because it is not followed by a statement of the question raised.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3000, 3025–3027; Dec. Dig. &733, 742(1).]

Error from Kaufman County Court; James A. Cooley, Judge.

Suit by L. C. Mims against Jess Foster and others. From a judgment for defendants, plaintiff brings error. Affirmed.

Wynne & Wynne and Ross Huffmaster, all of Kaufman, for plaintiff in error. Bumpass & Crumbaugh, of Terrell, for defendants in error.

TALBOT, J. The plaintiff in error states the nature and result of the suit, which the defendants in error agree is substantially correct, as follows:

"On the 23d day of June, 1914, plaintiff in error, L. C. Mims, instituted this suit in the county court of Kaufman county against the defendants in error Jess Foster, P. A. Lechner, and E. F. Morrow, and alleging that heretofore, to wit, on or about the 26th day of November, 1913, said defendant Jess Foster as principal and said other named defendants as sureties made, executed, and delivered a certain bond in writing, a true copy of same being attached and made a part of said petition. The bond sued on and attached to said petition being a bond in the usual statutory form and conditioned that in case the said Jess Foster failed to establish his right to said property, that he would return the same to the officer therein named in as good condition as it was when he received it, and also pay the reasonable value of the use and hire, increase or fruits of the same in case said Jess Foster failed to return said property, they would pay the value of same with legal interest thereon, etc. Plaintiff alleged a breach of said bond and conditions therein set forth in the sum of $500 and praying judgment for said amount. Defendant filed various exceptions to plaintiff's petition and a denial that they or either of them breached said bond

or any conditions therein set forth, and admitted that they did execute a claimant's oath and bond in the case of Mims v. Frank Foster, by the terms of which they agreed if Jess Foster failed to establish his right to said property, he would return same to the officer levying said writ in as good condition as when he received same, and also pay reasonable value for the use and hire, increase or fruits, of same from the date thereof, and that plaintiff therein claimed that he had a mortgage upon said property and sought to foreclose same as against Jess Foster, and that judgment rendered was such that these defendants paid off and satisfied same, and the penalty of 10 per cent. as provided by law, and returned said property in better condition than when they received same. There was a trial before the court without a jury, and judgment rendered that plaintiff take nothing by his suit against the defendants, and that defendants go hence without day and recover all costs. Motion for a new trial was overruled, and the case brought to this court by writ of error."

The single assignment of error presented in the brief is as follows:

"The court erred in its judgment herein in rendering judgment against the plaintiff because under the undisputed evidence the plaintiff was entitled to recover."

The defendants in error object to a consideration of this assignment, and it is not entitled to consideration for at least two reasons: First, because it is too general; second, because it is not followed by a sufficient statement in explanation and support thereof to enable this court to determine the question attempted to be raised without searching the record for the facts in relation thereto. That such, or similar, assignments of error need not, for either of the reasons stated, be considered by the appellate court has been so frequently and uniformly affirmed by the decisions of this state that a citation of the cases so holding is unnecessary. But, however, if we were disposed to consider the assignment we are not prepared to say it should be sustained. On the contrary we think there was such a conflict in the testimony that it cannot fairly be said that plaintiff in error's right to recover was established beyond controversy.

The judgment is affirmed.